JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-7618-KK-AGRx | Date: | June 21, 2024 |
|---|---|---|---|

Title: *David Piparo v. United States of America*

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute**

## I.
## PROCEDURAL HISTORY

On October 17, 2022, plaintiff David Piparo ("Plaintiff") filed a Complaint against defendant United States of America ("Defendant") raising claims under the Federal Tort Claims Act. ECF Docket No. ("Dkt.") 1.

On December 8, 2022, the Court issued an order warning Plaintiff he must be familiar with all Local Rules within the district. Dkt. 10. Local Civil Rule 41-6 instructs,

> A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

L.R. 41-6.

On November 22, 2023, the action was reassigned to this Court. Dkt. 32. A Reassignment Order was issued, which again warned Plaintiff he must be familiar with all Local Rules within the district. Id. at 1.

On December 4, 2023, the Court received notice that mail sent to Plaintiff at USP Terre Haute had been returned undeliverable because Plaintiff was no longer at USP Terre Haute. Dkt. 34.

The Court subsequently reviewed the BOP's website, which appeared to indicate Plaintiff had been moved to USP Coleman II. Hence, on December 11, 2023, the Court issued an Order reminding Plaintiff of his obligation to comply with Local Rule 41-6, ordering Plaintiff to file a notice of change of address within 14 days of the date of the Order, and directing the Clerk's Office to resend copies of docket entries 31, 32, and 33, to Plaintiff at USP Coleman II. Dkt. 35. The Court warned Plaintiff that "failure to comply with this Order will result in sanctions, including dismissal of this action for failure to prosecute." Id. (citing FED. R. CIV. P. 41(b)).

On December 12, 2023, December 27, 2023, January 8, 2024, and February 2, 2024, the Court received notice that mail sent to Plaintiff at USP Coleman II had been returned as undeliverable. Dkts. 36-39. In total, the Court had made at least five attempts to send mail to Plaintiff, but the mail had been returned as undeliverable each time.

On February 5, 2024, the Court issued an Order to Show Cause ("OSC") why the matter should not be dismissed for failure to prosecute and directing Plaintiff to respond in writing no later than February 19, 2024. Dkt. 40. The Court again warned Plaintiff "that failure to file a timely response will result in dismissal for failure to prosecute and/or comply with Court orders." Id. (citing FED. R. CIV. P. 41(b)).

On February 22, 2024, the Court dismissed the instant action for failure to prosecute after Plaintiff failed to file a response to the Court's December 11, 2023 Order and February 5, 2024 OSC or provide his updated address. Dkt. 41.

On March 4, 2024, the Court's February 22, 2024 Order was returned as undeliverable. Dkt. 43.

On March 14, 2024, the Court received Plaintiff's "Motion to Show Cause," which Plaintiff constructively filed on March 9, 2024. Dkt. 48.

On March 25, 2024, the Court denied Plaintiff's "Motion to Show Cause" as moot because the case was previously dismissed. Dkt. 49.

On April 1, 2024, Plaintiff filed a Motion to Reconsider the Court's February 22, 2024 Order dismissing the case for failure to prosecute, which Plaintiff constructively filed on March 26, 2024. Dkt. 50. Plaintiff informed the Court he had been undergoing medical treatment at an outside hospital and was not given any legal mail. Id. As a result, Plaintiff was unaware "the Court had sent an order or any other type of communication." Id. at 3-4.

On April 19, 2024, the Court's March 25, 2024 Order denying Plaintiff's "Motion to Show Cause" was returned as undeliverable.  Dkt. 52.

On April 25, 2024, the Court's Notice of Deficiency in response to Plaintiff's Motion to Reconsider, dkt. 51, was also returned as undeliverable.  Dkt. 53.

On May 3, 2024, the Court granted Plaintiff's Motion to Reconsider and reopened the instant action.  Dkt. 54.  In light of the two orders that were returned as undeliverable, dkts. 52, 53, the Court ordered Plaintiff "to file a Notice of Change of Address within twenty-one (21) days of the date of this Order." Dkt. 54 at 3.  To date, however, Plaintiff has not filed a change of address as ordered.

On May 17, 2024, the Court's May 3, 2024 Order granting Plaintiff's Motion to Reconsider was returned as undeliverable.  Dkt. 55.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See FED. R. CIV. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute) overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal for failure to comply with court orders).  In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.  Plaintiff has not responded to the Court's May 3, 2024 Order to file a Notice of Change of Address.  Dkt. 54.  In fact, the Court has not received any communication from Plaintiff since April 1, 2024, see dkt. 50, and has no way to communicate with Plaintiff under these circumstances.  This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal.  It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  See dkts. 35, 40, 54.  Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation.  Plaintiff has shown he is either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see dkts. 35, 40, 54.

## III.
## CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.  **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action. (JS-6)

**IT IS SO ORDERED.**